[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY. {¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
 {¶ 2} Defendant-appellant Edward J. Boggs appeals his conviction for receiving stolen property under R.C. 2913.51(A), a fifth-degree felony. Boggs was indicted on one count of receiving stolen property and on one count of forgery for knowingly possessing a stolen check for $1600. Boggs pleaded guilty to the charge of receiving stolen property, and the state dismissed the forgery charge. The trial court accepted Boggs's guilty plea and sentenced him to eight months in prison.
 {¶ 3} On appeal, counsel for Boggs has filed a brief in accordance with Anders v. California,[1] stating that counsel has conscientiously reviewed the record and can discern no reversible errors in the trial proceedings. Consequently, counsel has sought to withdraw from representation and requests that this court, consistent with Anders, independently review the record to determine whether the proceedings below were free from prejudicial error. Counsel, as required by Anders, has given Boggs an opportunity to provide grounds for this appeal, but Boggs has chosen not to do so.
 {¶ 4} After reviewing the entire record, we are satisfied that Boggs's counsel has provided Boggs with a diligent and thorough search of the record and that counsel has correctly concluded that the proceedings below were free of prejudicial error. The record reflects that the trial court, pursuant to Crim.R. 11, scrupulously ensured that Boggs's plea was made knowingly and voluntarily. The trial court also made all the appropriate findings on the record and in the written sentencing findings to support the sentence it imposed.
 {¶ 5} We conclude that Boggs's appeal is completely without merit and is wholly frivolous. Therefore, we overrule counsel's motion to withdraw and affirm the judgment of the trial court.
 {¶ 6} Although we hold that this appeal is frivolous under App.R. 23 and without "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Boggs because he is clearly indigent. Further, a certified copy of this Judgment Entry shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Gorman and Painter, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.